IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEACE AND FREEDOM PARTY, PETA LINDSAY, and RICHARD BECKER,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DEBRA BOWEN, in her official capacity as Secretary of State of California,<br><br>　　　　Defendant. | 2:12-cv-00853-GEB-EFB<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |

　　　　Plaintiffs seek a preliminary injunction enjoining Defendant "from excluding [Plaintiff] Peta Lindsay from the primary ballot for the Presidential nomination of the Peace and Freedom Party." (Pls.' Mot. for Prelim. Inj. ("Mot.") 1:17-20.) Plaintiffs argue Defendant's "exclusion of Lindsay's name from the primary ballot . . . impacts fundamental First and Fourteenth Amendment rights, as well as usurps the exclusive Constitutional role of Congress in determining the age qualifications of the Presidency[.]" Id. at 1:27-2:1. Plaintiffs further argue such rights will be "irreparably harmed" if her name is not added to the Peace and Freedom Party's presidential ballot, which is "to be submitted for mail-in voters commencing May 7, 2012[.]" Id. at 2:6-12. Defendant opposes the motion. Since "the facts [pertinent to decision on the motion] are not in dispute," no hearing is necessary, and the motion is denied for the reasons stated below. Charlton v. Estate of Charlton, 841 F.2d 988, 989 (9th Cir. 1988).

## I. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). Plaintiffs seeking a preliminary injunction must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009)(citing Winter, 555 U.S. at 19).

Further, the Ninth Circuit's "'serious questions' approach survives Winter when applied as part of the four-element Winter test." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). In other words, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id.

## II. BACKGROUND

Plaintiff Peace and Freedom Party is a political party qualified for participation in any primary election in California. Cal. Elec. Code §§ 338, 7700. Plaintiff Peta Lindsay is one of multiple candidates seeking the presidential nomination for the Peace and Freedom Party. See Compl. ¶ 4; Decl. of Alexandra Gordon in Supp. of Def.'s Opp'n ("Gordon Decl.") Ex. F, at 3. Plaintiff Richard Becker is a resident of California who "supports the inclusion of Peta Lindsay in the presidential primary preference ballot for the Peace and Freedom Party[.]" (Compl. ¶ 5.)

1         Defendant Debra Bowen is the Secretary of State of California, and as such, is "the chief election officer of the state." CAL. ELEC. CODE § 10. She is responsible for "administer[ing] the provisions of the [California] Elections Code[,]" and ensuring "that elections are efficiently conducted and that state election laws are enforced." CAL. GOV'T CODE § 12172.5.

        The California Elections Code requires Defendant to "publically announce and distribute to the news media . . . a list of the candidates she . . . intends to place on the ballot" and to "transmit to each elections official a certified list containing the names of the candidates to appear on the Peace and Freedom Party presidential preference primary ballot[.]" CAL. ELEC. CODE §§ 6722, 6951.

        Lindsay filed nomination papers for the purpose of being included on the Peace and Freedom Party's presidential primary ballot. (Compl. ¶ 8.) However, she was not included on the Defendant's February 6, 2012 press release, in which Defendant listed the candidates whom she intended to place on the primary ballots. (Def.'s Opp'n ("Opp'n") 2:17-22; Gordon Decl. ¶ 3, Ex. A.) Defendant states she excluded Lindsay because she is "27-years old and therefore ineligible to be President under Article II, Section I, Clause 5 of the U.S. Constitution." (Opp'n 6:10-13.)[1]

        In a letter to Defendant dated February 13, 2012, Lindsay's counsel "requested that [Defendant] immediately reverse [her] unprecedented decision to omit Ms. Lindsay from the Peace and Freedom Party's list of candidates on the . . . primary ballot." (Gordon Decl.

---

[1] Article II, Section 1, clause 5 of the United States Constitution states, in relevant part: "No Person . . . shall . . . be eligible to [the] Office [of President] who shall not have attained to the Age of thirty five Years[.]"

3

Ex. B, at 1.) In the February 13, 2012 letter, Lindsay's attorney "admitt[ed] that Ms. Lindsay is 27-years-old" and states "the U.S. Constitution requires a person to be at least 35-years-old to assume the office of president, not to be listed on the ballot as a candidate." Id. at 3.

Defendant did not include Lindsay on the March 29, 2012 certified list of presidential primary candidates that was distributed to local election officials. (Gordon Decl. Ex. F.)

California's vote-by-mail ballot application process for the 2012 presidential primary is scheduled to begin May 7, 2012. CAL. ELEC. CODE §§ 3000, et seq.

### III. DISCUSSION

**A.   Mootness**

Defendant contends "Plaintiffs' motion is moot as there is no present controversy as to which effective relief can be granted." (Opp'n 4:4-6.) Specifically, Defendant argues:

> Pursuant to the Elections Code, the Secretary is required to, and did, distribute a certified list of candidates to local elections officials no later than March 29, 2012. . . . Once the March 29, 2012 deadline has passed, the Secretary has no power to add or delete candidates from the certified list . . . . Thus, even if the Court were to find that the Secretary erred by not placing Peta Lindsay's name on the primary ballot, the Secretary would not have the necessary legal capacity to remedy this error.

Id. at 4:7-18.

Plaintiffs counter that "election disputes, by their very nature (capable of repetition, yet evading review), are precisely the kind of dispute that is rarely ever moot." (Pls.' Reply 2:17-18.)

"Generally, a case is rendered moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in

4

the outcome.'" Schaefer v. Townsend, 215 F.3d 1031, 1033 (9th Cir. 2000)(quoting Powell v. McCormack, 395 U.S. 486, 496 (1960)). However, "[w]hen the case is 'capable of repetition, yet evading review,' . . . the fact that the court cannot give [Plaintiffs] the full relief [they] [seek] will not render the case moot." Id. (quoting Dunn v. Blumstein, 405 U.S. 330, 333 n.2 (1972)).

Although Defendant argues she is without the legal capacity to add Lindsay's name to the ballot, Plaintiffs' claims are "capable of repetition because in the future [Defendant] would deny [Lindsay] or any other [candidate under the age of 35] the right" to be included on a presidential primary ballot. Id. Further, "[t]he short span of time between the [deadline to seek inclusion on a primary presidential ballot] and the election makes such a challenge evasive of review." Id.; see also Joyner v. Mofford, 706 F.2d 1523, 1527 (9th Cir. 1983)("If [election] cases were rendered moot by the occurrence of an election, many constitutionally suspect election laws-including the one under consideration here-could never reach appellate review.") Therefore, Plaintiffs' motion is not moot.

**B.   Preliminary Injunction**

**1)   Likelihood of Success on the Merits**

Plaintiffs allege five claims for relief in their Complaint. The first three claims concern what Plaintiffs argue are the speech, association, and voting rights of the Peace and Freedom Party, Lindsay, and Richard Becker, respectively. Plaintiffs' fourth claim is titled "The Secretary's Ballot Exclusion Violates the Qualifications Clause," and Plaintiffs allege in their fifth claim a violation of the Equal Protection Clause. The merits of each claim are addressed below.

### a) First Amendment Claims

Plaintiffs argue Defendant's exclusion of Lindsay from the ballot "burden[s] two distinct and fundamental rights: 'The right of individuals to associate for the advancement of political beliefs' and 'the right of qualified voters, regardless of their political persuasion, to cast their votes effectively.'" (Mot. 5:25-27 (quoting Williams v. Rhodes, 393 U.S. 23, 30 (1968).) Plaintiffs further argue that Lindsay and the Peace and Freedom Party "[have] each [been] denied their mutual right to select the other for their candidacy for the Presidency." Id. at 10:3-7.

Defendant counters, "[a]lthough . . . regulation of the selection and eligibility of candidates, 'inevitably affects' an individual's First and Fourteenth Amendment right to vote and to associate with others . . . , where a state law imposes only reasonable, non-discriminatory restrictions on these rights, 'the State's important regulatory interests are generally sufficient to justify the restrictions.'" (Opp'n 6:26-7:4 (quoting Anderson v. Celebrezze, 460 U.S. 780, 788 (1983).) Defendant further rejoins that "[t]he state's important interests in . . . protecting the integrity of the election process and avoiding voter confusion, justify any limitation on Plaintiffs' rights that the omission of a candidate who is admittedly ineligible to serve as President may impose." Id. at 9:12-14.

"It is beyond cavil that 'voting is of the most fundamental significance under our constitutional structure.'" Burdick v. Takushi, 504 U.S. 428, 433 (1992)(quoting Illinois Bd. of Elections v. Socialist Workers Party, 440 U.S. 173, 784 (1979)). "It does not follow, however, that the right to vote in any manner and the right to associate for political purposes through the ballot are absolute." Id. "Common sense,

6

as well as constitutional law, compels the conclusion that government must play an active role in structuring elections[,]" and "[e]lection laws will invariably impose some burden upon individual voters." Id.

"In election regulation cases, the Supreme Court [has] developed a balancing test to resolve the tension between . . . First Amendment rights and the state's interest in preserving the fairness and integrity of the voting process." Rubin v. City of Santa Monica, 308 F.3d 1008, 1014 (9th Cir. 2002).

> When deciding whether a state election law violates First and Fourteenth Amendment speech rights, courts are to "weigh the character and magnitude of the burden the State's rule imposes on those rights against the interests the State contends justify that burden, and consider the extent to which the State's concerns make the burden necessary. Regulations imposing severe burdens on plaintiffs' rights must be narrowly tailored and advance a compelling state interest. Lesser burdens, however, trigger less exacting review, and a State's 'important regulatory interests' will usually be enough to justify reasonable, nondiscriminatory restrictions."

Id. (internal citations omitted)(quoting Burdick v. Takushi, 504 U.S. 428, 434 (1992)).

"Courts will uphold as 'not severe' restrictions that are generally applicable, even-handed, politically neutral, and which protect the reliability and integrity of the election process." Id. (quoting Hussey v. City of Portland, 64 F.3d 1260, 1265 (9th Cir. 1995)). "Courts will strike down state election laws as severe speech restrictions only when they significantly impair access to the ballot, stifle core political speech, or dictate electoral outcomes." Id. at 1015.

In this case, the Secretary of State excluded Lindsay from the ballot since it is undisputed that she is "eight years shy of meeting

7

the age requirement to hold Presidential office." (Opp'n 9:3-4.) Although Lindsay argues this age requirement does not apply to her request to be listed on the ballot, Plaintiffs are not likely to prevail on this argument since "the State understandably and properly [may] seek[] to prevent the clogging of its election machinery [and] avoid voter confusion," by restricting who is listed on the ballot to persons meeting the age requirement applicable to assuming the presidential office. Bullock v. Carter, 405 U.S. 134, 145 (1972)(also stating "a State has an interest, if not a duty, to protect the integrity of its political processes from frivolous or fraudulent candidacies"). This age limitation is a "neutral candidacy qualification," which the State is authorized to impose. Bates v. Jones, 131 F.3d 843, 847 (9th Cir. 1997); see also Zielasko v. Ohio, 873 F.2d 957, 961-62 (6th Cir. 1989)(affirming district court's dismissal of First Amendment and Equal Protection challenges to state constitutional provision that precludes election or appointment of any person to state judicial office who is seventy years old or older).

For the stated reasons, Plaintiffs have not shown a likelihood of success, nor raised serious questions, on the merits of their First Amendment claims.

### b) Equal Protection Claims

Plaintiffs also contend excluding Lindsay from the ballot violates the Equal Protection Clause of the United States Constitution, arguing Defendant has taken "contradictory positions . . . in consecutive Presidential elections" concerning her ability to investigate the constitutional qualifications of presidential candidates. (Mot. 5:17-18, 14:1-2.) The basis of Plaintiffs' equal protection claims is unclear. Plaintiffs discuss a "class of one" equal

1  protection claim on page 13 of their motion but also appear to make a
2  "selective enforcement" equal protection claim, stating:

> When major party male candidates south [sic] the Presidency, the Secretary's hands were lawfully tied and she was in no position to restrict access based on any personal view she held of their Constitutional qualification given Congress' explicit Constitutionally delegated role in that precise field; when a minor party's African-American female candidate seeks the nomination of a small party in California, the Secretary suddenly unloosens those knots, empowers herself without statutory or Constitutional authority, and excludes that candidate from the mere nomination process of that party's presidential primary. As such, the Secretary's action offends the equal protection clause of the United States Constitution, and the rights protected there under, for the plaintiffs.

Id. at 14:2-10.

In support of their equal protection claims, Plaintiffs reference the following past state and federal presidential election cases, in which Plaintiffs indicate the Secretary of State took the position that she is not responsible for investigating a presidential candidate's constitutional qualifications: Keyes v. Bowen, 189 Cal. App. 4th 647 (2011) and Robinson v. Bowen, 567 F. Supp. 2d 1144 (N.D. Cal. 2008). (Mot. 11:26-12:9.)[2]

Defendant rejoins, "to the extent that Plaintiffs allege a separate equal protection claim, it also fails." (Opp'n 9:21-28 n.4.) Defendant argues, "because Ms. Lindsay is admittedly ineligible to be President, Plaintiffs are not similarly situated with the persons with

---

[2] Plaintiffs appear to quote what the Secretary of State said in documents filed in these cases. See Mot. 11:26-12:9. However, no court filings were made exhibits to Plaintiffs' Motion. Therefore, the Court cannot determine whether the Secretary of State in fact made such representations, or the context in which such representations were made.

9

whom they compare themselves and there is a rational basis for the Secretary's decision." Id. Defendant further argues:

> any difference in treatment is the result of the fundamentally different contexts in which the treatment occurred. In the cases to which Plaintiffs refer, the personal qualifications of the various nominees were, fairly or not, in dispute. Where there are challenges to a candidate's eligibility, the Secretary has no duty to investigate and verify the personal qualifications of any political party's nominees. The resolution of such challenges is committed to the United States Congress. Here, by contrast, Plaintiffs admit and there is no dispute that Peta Lindsay is 27 years old, eight years shy of meeting the age requirement to hold Presidential office. Ms. Lindsay's admitted and incontrovertible lack of eligibility fundamentally differentiates her from the other presidential candidates discussed by Plaintiffs. Because she is not "similarly situated" to these other candidates, the Secretary's decision not to place Peta Lindsay on the primary ballot does not constitute discrimination.

Id. at 8:20-9:11 (citations omitted).

The Fourteenth Amendment's Equal Protection Clause prescribes that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. "The Equal Protection Clause directs that 'all persons similarly circumstanced shall be treated alike.'" Plyler v. Doe, 457 U.S. 202, 216 (1982)(quoting F.S. Royster Guano Co. v. Va., 253 U.S. 412, 415 (1920)). "But so too, 'the Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same.'" Id. (quoting Tigner v. Texas, 310 U.S. 141, 147 (1940)). Whether premised on a "class of one" or "selective enforcement" basis, to prevail on an equal protection claim, a plaintiff must demonstrate that he or she was treated differently from those similarly situated. See North Pacifica LLC, v. City of Pacifica, 526 F. 3d 478, 486 (9th Cir. 2008)("In order to claim a violation of equal protection in a class

10

of one case, the plaintiff must establish that [Defendant] intentionally . . . treated the plaintiff differently from others similarly situated."); Freeman v. Red Turtle, 68 F.3d 1180, 1187 (9th Cir. 1995)("To establish impermissible selective [enforcement]," Plaintiffs must show that Defendant did not take action against "others similarly situated" and that the selective action "is based on an impermissible motive").

The Ninth Circuit discussed the "similarly situated" requirement as follows in Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936, 945 (9th Cir. 2004), overruled on other grounds, Action Apt. Assn't v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1025 (9th Cir. 2007):

> Here, [Plaintiff] contends it is being singled out from all other dischargers. However, it presents no evidence that any other discharger is of comparable size, has a comparable history of non-compliance, engages in a comparable level of activity on its land, and has a comparable history of administrative action being ineffective. As the district court repeatedly stated, [Plaintiff] is not comparing "apples to apples."

Plaintiffs have not shown that Defendant treated Lindsay differently from any other presidential candidate who was similarly situated. In the cases cited by Plaintiffs, the constitutional qualifications of the presidential candidates at issue were contested; whereas here, Lindsay's ineligibility for presidential office is undisputed. Since "[e]vidence of different treatment of unlike [people] does not support an equal protection claim[,]" Plaintiffs have not shown a likelihood of success, nor raised serious questions, on the merits of their equal protection claims. Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005).

1             **c)**     "**Qualifications Clause Claim**"

2       Plaintiffs also argue Defendant "usurp[ed] the exclusive
3 Constitutional role of Congress in determining the age qualifications of
4 the Presidency, as expressly set forth in . . . the United States
5 Constitution." (Mot. 1:27-2:2.) Although not clearly articulated,
6 Plaintiffs appear to make this argument in support of their fourth
7 claim, which is titled "The Secretary's Ballot Exclusion Violates the
8 Qualifications Clause[.]"

9       "The Qualifications Clause of the Constitution sets forth the
10 requirements for membership in the United States House of
11 Representatives[,]" not the eligibility requirements for the "Office of
12 President" set forth in Article II, § 1, clause 5 of the United States
13 Constitution. Schaefer, 215 F.3d at 1034; see also Van Susteren v.
14 Jones, 331 F.3d 1024, 1027 n.2 (9th Cir. 2003)(quoting the
15 "Qualifications Clause," U.S. Const. art. I, § 2, cl. 2.). Therefore,
16 the Qualifications Clause is inapplicable to this case. Further, the
17 Court cannot discern an alternative cognizable theory of relief from
18 Plaintiffs' allegations made in support of their fourth claim.
19 Therefore, Plaintiffs have not shown a likelihood of success, nor raised
20 serious questions, on the merits of their "Qualifications Clause Claim."

21             **d)**     **Unconstitutional Vagueness**

22       Plaintiffs further argue that "[i]f any interpretation of
23 existing law authorizes [Linday's] ballot exclusion, then the law would
24 violate due process rights and be void for vagueness." (Mot. 5:16-17.)

25       This argument "do[es] not assist [Plaintiffs] in showing a
26 likelihood of success on the merits of this action[,]" however, since it
27 "[is] not part of the underlying complaint[.]" Walker v. Felker, No. CIV
28 S-07-1323 WBS EFB P, 2009 WL 1684541, at *2 (E.D. Cal. June 16, 2009),

report and recommendation adopted as modified by No. CIV S-07-1323 WBS EFB P, 2009 WL 2579265 (E.D. Cal. Aug. 19, 2009); see also Pamer v. Cal. Dept. of Corr., No. C 04-3252 SI (pr), 2007 WL 2778913, at *11 (N.D. Cal. Sept. 21, 2007)(denying motion for a temporary restraining order and preliminary injunction stating "[i]njunctive relief is improper because the proposed TRO/preliminary injunction does not pertain to the issues as framed by the [operative] complaint"). Since Plaintiffs' complaint does not include a procedural due process claim that Defendant acted pursuant to unconstitutionally vague authority, such an argument cannot support an award of injunctive relief. Therefore, the merits of this argument need not be addressed.

**2) Irreparable Harm / Balance of the Equities / Public Interest**

Since Plaintiffs have failed to show a likelihood of success, or raise a serious question, on the merits of any claim, the three remaining injunction factors need not be addressed. See Doe v. Reed, 586 F.3d 671, 681 n.14 (9th Cir. 2009)(stating "[b]ecause we conclude that Plaintiffs have failed to satisfy the first Winter factor-likelihood of success on the merits-we need not examine the three remaining Winter factors").

**IV. CONCLUSION**

For the stated reasons, Plaintiffs' motion for a preliminary injunction is denied.

Dated: April 26, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge