IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE PEACE AND FREEDOM PARTY, )
PETA LINDSAY, and RICHARD )   2:12-cv-00853-GEB-EFB
BECKER, )
                                   )
            Plaintiffs, )   ORDER TO SHOW CAUSE AND
                                   )   CONTINUING STATUS (PRETRIAL
      v.                           )   SCHEDULING) CONFERENCE
                                   )
DEBRA BOWEN, in her official )
capacity as Secretary of State )
of California, )
                                   )
            Defendant. )
_____ )

      The April 3, 2012, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on July 23, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The April 3, 2012 Order further required that a status report be filed regardless of whether a joint report could be procured. Defendant filed an untimely "Motion for Administrative Relief from Case Management Deadlines" on July 11, 2012. Plaintiffs did not file a status report.

      Therefore, the parties are Ordered to Show Cause ("OSC") in a writing to be filed no later than July 23, 2012, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status

report. The written responses shall also state whether the parties or their counsel are at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on October 1, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  July 16, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1]   "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).