Robert E. Barnes (State Bar No. 235919)
Barnes Law
22631 Pacific Coast Highway/Suite 362
Malibu, CA 90265
Tel: (310) 510-6211/ Fax: (310) 510-6225
E-mail: robertbarnes@barneslawllp.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEACE AND FREEDOM PART, PETA LINDSAY, and RICHARD BECKER,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>DEBRA BOWEN, in her official capacity as Secretary of the State of California<br><br>　　　　　Defendant. | Case No. 12-00853-GEB-EFB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date:　August 27, 2012<br>Time:　9:00 am<br>Dept:　10<br>Judge: The Hon. Garland E. Burrell, Jr.<br>Action Filed: April 3, 2012, 2012 |

**INTRODUCTION**

After activist and political leader Peta Lindsay received the requisite support to qualify, Secretary Bowen refused to place her on the ballot as the Peace & Freedom Party's nominee for the President of the United States in both California and across the

- 1 -
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDEAL RULE OF CIVIL PROCEDURE 12(b)(6)

United States. In the instant case, all the criteria necessary for Peta Lindsay to be placed on the ballot as the Peace and Freedom Party's presidential candidate were met and she unquestionably qualified as being "generally recognized" for the party. Nonetheless, Secretary Bowen refuses to put Ms. Lindsay on the ballot in spite of past precedent illustrating that Ms. Lindsay must still be placed on the ballot, not disqualified. Furthermore, Secretary Bowen has refused to do so in defiance of the Twentieth Amendment to the United States Constitution, which clearly acknowledges the acceptability of nominees like Ms. Lindsay to be on the ballot.

Through acknowledging that a President-elect may fail to qualify at the time of presidency, the Twentieth Amendment implies that the President-elect would have been on the ballot unqualified as well, and that there is no ban on presidential nominees from running unqualified. Thus, by refusing to include Ms. Lindsay on the ballot, Secretary Bowen violated the rights of Ms. Lindsay, the Peace and Freedom Party, and Richard Becker, amongst others, to express their associational political speech.

Furthermore, Secretary Bowen, who previously said she *lacked* authority to review Senator McCain's name on the ballot when his birthplace was challenged as disqualifying him as a Presidential candidate, now claims that she *does* possess the authority to exclude Peta Lindsay from the ballot based on her age.  This is an

unequal application of the laws in the case of candidates who should have been treated alike, as both areas are supposed to be handled by Congress exclusively, and clearly violates the Equal Protection clause of the United States Constitution.

**ARGUMENT**

I. **PLAINTIFFS HAVE NOT FAILED TO STATE A CLAIM AS A MATTER OF LAW**

   a. **Plaintiffs' First and Fourteenth Amendment Claims Do Not Fail**

The Secretary's May 25, 2012 Motion to Dismiss claims that although Plaintiffs allege violations of First Amendment speech, association, and voting rights, that the "Complaint is actually devoid of any factual allegations to support Plaintiffs' claims." This could not be further from the truth. In this case, the facts are few, but clear: despite qualifying, Peta Lindsay was denied a place on the ballot for the Peace and Freedom Party. There is no lawful authority granted to Secretary Bowen allowing her to withhold Ms. Lindsay's name from the ballot.

In fact, Election Code Sec. 6041 states that Secretary Bowen "*shall* (emphasis added) place the name of a candidate upon the presidential primary ballot when he or she has determined that the candidate is generally advocated for or recognized throughout the United States or California as actively seeking the nomination."

It is undisputed that Peta Lindsay qualified as "generally advocated for or recognized" within the meaning of the law.

By restricting Plaintiffs' access to the ballot, the Secretary interfered with their freedom to associate with others for the common advancement of their political beliefs and ideas, which is unquestionably protected by the First and Fourteenth Amendments. *Kusper v. Pontikes*, 414 U.S. 51, 56-57 (1973). The Plaintiff's were denied their right to present and support an alternative to the two-party system.

The Secretary's assertion that there are no facts to support the Plaintiffs' claims is therefore a fallacy. The Secretary's actions and the resulting effect they had on the Plaintiffs is sufficient: A candidate who met the California statutory standards of cabined discretion afforded the Secretary for presidential primary candidates was denied access to the ballot.

### b. Plaintiffs' Equal Protection Claim Does Not Fail

The Equal Protection clause of the Fourteenth Amendment is meant to protect against state officers' unlawful administration of laws that result in unequal application of those laws to those who should be treated alike. The Secretary poorly attempts to evade Equal Protection in this instance by saying that Plaintiffs' Equal Protection claim fails because her "lack of eligibility" based on her age "fundamentally differentiates her" from the other candidates. Motion to Dismiss, *supra,* at 9. Thus, the Secretary

claims that Ms. Lindsay is not similarly situated to the other candidates, and the Equal Protection clause is not triggered.

First, this assumes facts outside the pleadings, which is not appropriate at this stage of the case.

Secondly, Ms. Lindsay *is* similarly situated to the other candidates because she qualified for and won the support of the Peace and Freedom Party as well as supporters such as Plaintiff Richard Becker. Distinguishing Ms. Lindsay as not similarly situated because of her age, Secretary Bowen is making a mockery of the Equal Protection Clause. The Secretary merely concocted a reason to show that a specific candidate did not deserve equal protection. However, the Secretary has not been given the lawful authority to make that determination because the Twentieth Amendment to the Constitution gives this authority to Congress.

The Secretary's argument that the Equal Protection Clause is not violated fails because it undermines the *very purpose* of Equal Protection. As such, the Plaintiffs' Equal Protection Claim should not be dismissed.

**c. Plaintiffs' Qualification Clause Claim Does Not Fail**

The Qualifications clause claims manifestly suffice. Specifically, the Twentieth Amendment says,

> *…if the **President elect shall have failed to qualify**, then the Vice President elect shall act as President until a President shall have qualified; and the Congress may by law provide*

*for the case wherein neither a President elect nor a Vice President elect shall have qualified, declaring who shall then act as President, or the manner in which one who is to act shall be selected, and such person shall act accordingly until a President or Vice President shall have qualified*. (Emphasis added).

The Qualifications clause of the Twentieth Amendment delegates to Congress, not individual state officers, the proper role of an underage Presidential candidate, a role that does not allow or authorize exclusion from a primary ballot, exclusion from a general election ballot, or even continued exclusion from the recognition of elected office. As such, the claim suffices to pursue at this preliminary pleadings stage of the litigation, and is, in fact, supported by the plain language of the Amendment itself.

## II.  CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court refuse to honor the Secretary's request that the court dismiss the Complaint without leave to amend.

DATED: August 13, 2012

                                            Robert E. Barnes
                                            Attorney for Plaintiffs