IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEACE AND FREEDOM PARTY, PETA LINDSAY, and RICHARD BECKER,<br><br>Plaintiffs,<br><br>v.<br><br>DEBRA BOWEN, in her official capacity as Secretary of State of California,<br><br>Defendant. | 2:12-cv-00853-GEB-GEB-EFB<br><br><u>ORDER GRANTING MOTION TO DISMISS</u> |

California Secretary of State Debra Bowen ("Defendant") moves for an order under Federal Rule of Civil Procedure ("Rule") 12(b)(6) dismissing with prejudice the claims filed against her by The Peace and Freedom Party, Peta Lindsay, and Richard Becker (collectively "Plaintiffs"). Plaintiffs allege that the Secretary violated their First, Fourteenth, and Twentieth Amendment constitutional rights by failing to list Peta Lindsay on the presidential primary ballot for the Peace and Freedom Party. Defendant contends Lindsay was not entitled to be placed on the ballot since she is ineligible to serve as president of the United States due to her age.

## I. LEGAL STANDARD

Decision on a Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together

with all reasonable inferences, state a plausible claim for relief." Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

In evaluating a Rule 12(b)(6) motion, the court "accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." Adams v. U.S. Forest Serv., 671 F.3d 1138, 1142-43 (9th Cir. 2012) (citing Twombly, 544 U.S. at 555-56). However, this tenet does not apply to "legal conclusions . . . cast in the form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

Dismissal with prejudice is appropriate when a "'pleading could not possibly be cured by the allegation of other facts.'" Watison v. Carter, 668 F.3d 1108, 1117 (9th Cir. 2012) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)); see also Klamath-Lake Pharm. Ass'n v.Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) ("Futile amendments should not be permitted.").

/

**II. JUDICIAL NOTICE**

Defendant requests that the Court take judicial notice of the following: (1) Plaintiffs' Motion for Preliminary Injunction (ECF No. 7); (2) the Order, filed on April 26, 2012, denying Plaintiffs' motion for preliminary injunction (ECF No. 13); and (3) a letter, dated February 13, 2012, from the Peta Lindsay for President 2012 Campaign (the "Campaign") to Defendant, in which the Campaign's attorney recounts that in a conversation with a representative from Defendant's office he "admitt[ed] that Ms. Lindsay is 27-years-old."

As a general rule, a district court "'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" United States v. Corinthian Colls., 655 F.3d 984, 998 (9th Cir. 2011) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)). However, judicial notice may be taken of the existence of court filings, which are not subject to reasonable dispute over their authenticity. E.g., Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002); Lee, 250 F.3d at 690. Accordingly, Defendant's first and second requests for judicial notice are granted.

A court may also take judicial notice of non-hearsay evidence that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); United States v. Isaacs, 359 Fed. App'x 875, 877 (9th Cir. 2009). Plaintiffs neither contest the accuracy of the letter of February 13, 2012, nor the fact that it was from the Campaign's attorney. Further, there can be no dispute that the Campaign's attorney, who wrote the letter to Defendant advocating for Lindsay's inclusion on the ballot, acted on behalf of Plaintiff Lindsay. Accordingly, the attorney's statement "admitting that Ms. Lindsay is 27-years-old" is judicially

noticeable non-hearsay since it "is offered against an opposing party" and "was made by a person whom the party authorized to make a statement on the subject" or "was made by the party's agent . . . on a matter within the scope of that relationship." Fed. R. Evid. 801(d)(2)(C)—(D). Plaintiffs argue that consideration of Lindsay's age "is not appropriate at this stage of the case" since it is "outside the pleadings." (Opp'n 5:3.) However, Plaintiffs cannot preclude dismissal by selectively omitting this crucial fact from their pleadings and then arguing that consideration of this judicially noticeable fact is inappropriate at this stage of the case. Accordingly, Defendant's final request for judicial notice is granted.

## III. BACKGROUND

This lawsuit concerns Defendant's failure to place Lindsay's name on the 2012 presidential primary ballot in California as a candidate for President of the United States. Lindsay filed with Defendant nomination papers for inclusion of her name on the Peace and Freedom Party's presidential primary ballot (the "ballot") on February 1, 2012. (Compl. ¶ 8.) As Secretary of State, Defendant publicly distributes the names of the Peace and Freedom Party's presidential primary candidates and provides elections officials with the final certified list of such candidates. Cal. Elec. Code §§ 6722, 6951. Defendant did not include Lindsay, who is twenty-seven years old, on the certified list of Peace and Freedom Party presidential primary candidates. (Compl. ¶¶ 10-12; ECF No. 15-1.) The U.S. Constitution states "no person . . . shall be eligible to the Office of President . . . who shall not have attained the Age of thirty five Years." U.S. Const. art. II, § 1, cl. 4.

Lindsay subsequently brought suit against Defendant together with the Peace and Freedom Party, and Richard Becker, a California resident who supports Lindsay's inclusion on the ballot. Plaintiffs also moved for a preliminary injunction to enjoin the Secretary from excluding Lindsay from the ballot. (Mot. for Prelim. Inj., 1:18-20.) That motion was denied. (Order Den. Mot. for Prelim. Inj. ("Order") 13:22-23.)

## IV. DISCUSSION

### A. First and Fourteenth Amendments[1]

Defendant seeks dismissal of Plaintiffs' First and Fourteenth Amendment claims without leave to amend, arguing that "the Secretary's generally-applicable, even-handed, and non-discriminatory decision not to place Peta Lindsay"—who is ineligible to serve as president due to her age—on the presidential primary ballot is "reasonable and justified" by important state interests such as "protecting the integrity of the election process and avoiding voter confusion." (Mot. to Dismiss ("Mot.") 7:18-19, 7:9-10.) Plaintiffs counter that, by virtue of its use of the word "shall," Cal. Elec. Code § 6720 requires Defendant to list on the ballot all "generally advocated for or recognized" candidates, and by failing to list Ms. Lindsay, who meets this criterion, Defendant acted outside the scope of her statutorily "cabined discretion" and without "lawful authority." (Opp'n 4:16, 3:19.)[2]

---

[1] Plaintiffs do not suggest separate analyses for their First Amendment and Due Process claims. The Supreme Court and the Ninth Circuit have "addressed such claims collectively using a single analytic framework. . . . [This Court] do[es] the same here." Dudum v. Arntz, 640 F.3d 1098, 1106 n.15 (9th Cir. 2011) (citation omitted).

[2] Plaintiffs do not explain their basis for asserting individual claims for violations of Cal. Elec. Code § 6720, and they have not shown that this statute authorizes a private right of action. Section 6720 (continued...)

"The impact of candidate eligibility requirements on voters implicates basic constitutional rights. . . . [I]t 'is beyond debate that freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the "liberty" assured by the Due Process Clause of the Fourteenth Amendment, which embraces freedom of speech.'" Anderson v. Celebrezze, 460 U.S. 780, 786–87 (1983) (quoting NAACP v. Alabama, 357 U.S. 449, 460 (1958)). Further, "States may, and inevitably must, enact reasonable regulations of parties, elections, and ballots to reduce election-and campaign-related disorder." Timmons v. Twin Cities Area New Party, 520 U.S. 351, 358 (1997).

> When deciding whether a state election law violates First and Fourteenth Amendment associational rights, we weigh the "'character and magnitude'" of the burden the State's rule imposes on those rights against the interests the State contends justify that burden, and consider the extent to which the State's concerns make the burden necessary. Regulations imposing severe burdens on plaintiffs' rights must be narrowly tailored and advance a compelling state interest. Lesser burdens, however, trigger less exacting review, and a State's "'important regulatory interests'" will usually be enough to justify "'reasonable, nondiscriminatory restrictions.'" No bright line separates permissible election-related regulation from unconstitutional infringements on First Amendment freedoms.

---

[2] (...continued) provides:

> The Secretary of State *shall* place the name of a candidate upon the Peace and Freedom Party presidential preference ballot when the Secretary of State has determined that the candidate is generally advocated for or recognized throughout the United States or California as actively seeking the presidential nomination of the Peace and Freedom Party or the national party with which the Peace and Freedom Party is affiliated.

Cal. Elec. Code § 6720 (emphasis added).

Timmons, 520 U.S. at 358-59 (citations and internal quotation marks omitted).

"Under the First Amendment, [P]laintiffs bear the initial burden of demonstrating that a challenged election regulation severely burdens their First Amendment rights. [If this burden is sustained, t]he burden then falls on the state to demonstrate either that the regulation is narrowly tailored to achieve a compelling state interest or, if the regulation imposes only a modest burden on First Amendments rights, that the regulation furthers the state's important regulatory interests. Here, it was the [P]laintiffs' burden to demonstrate [that the Secretary's action significantly restricted the availability of political opportunity], not the [D]efendant['s] burden to demonstrate its absence." Wash. State Republican Party v. Wash. State Grange, 676 F.3d 784, 791 n.4 (9th Cir. 2012) (citation omitted); see also Nader v. Cronin, 620 F.3d 1214, 1217-18 (9th Cir. 2010).

Plaintiffs have not met their burden. "That a particular individual may not appear on the ballot as a particular party's candidate does not severely burden that party's associational rights." Timmons, 520 U.S. at 359. Indeed, "limiting the choice of candidates to those who have complied with state election law requirements is the prototypical example of a regulation that, while it affects the right to vote, is eminently reasonable." Burdick, 504 U.S. at 440 n.10; see also Anderson v. Celebrezze, 460 U.S. 780, 791 n.12 (1983) (noting voters "remain free to support and promote other candidates who satisfy the State's . . . requirements" for candidate eligibility). Further, the Secretary regulated only what was listed on the ballot, which is not a forum for political expression, and which is subject to a flexible balancing approach. See Caruso, 422 F.3d at 856. Since the Secretary's

action does not impose a severe burden on Plaintiffs' fundamental rights, it is analyzed using rational basis review. It "will survive review as long as [it] further[s the] state's 'important regulatory interest.'" Wash. State Republican Party, 676 F.3d at 793-94 (quoting Brewer, 531 F.3d at 1035).

"[T]he State understandably and properly [may] seek[] to prevent the clogging of its election machinery [and] avoid voter confusion" by restricting who is listed on the ballot to persons eligible to assume the presidential office. Bullock v. Carter, 405 U.S. 134, 145 (1972); see also Timmons, 520 U.S. at 358; Burdick, 504 U.S. at 433; Storer v. Brown, 415 U.S. 724, 733 (1974). Further, an "age" requirement is a "neutral candidacy qualification," which "the State certainly has the right to impose." Bates v. Jones, 131 F.3d 843, 847 (9th Cir. 1997); see also Socialist Workers Party v. Ogilvie, 357 F. Supp. 109, 113 (N.D. Ill. 1972) (holding state's refusal to certify candidacy of underage presidential candidate "violates no federal right of Plaintiffs"). In this case, the Secretary states she did not list Lindsay on the ballot "to ensure that the primary election [wa]s conducted legally, fairly and efficiently," (Mot. 6:22-23); to "protect[] the integrity of the election process," (Mot. 7:9); and to "avoid[] voter confusion." (Mot. 7:10.) Plaintiffs have not shown that "the state's important interests [do not] justify this minimal burden on [P]laintiffs' rights" caused by Defendant's exclusion of an admittedly ineligible presidential candidate from the ballot. Lemons v. Bradbury, 538 F.3d 1098, 1102 (9th Cir. 2008). Accordingly, this portion of Defendant's dismissal motion is granted. Further, since Plaintiffs' "'pleading could not possibly be cured by the allegation of other facts,'" Watison, 668 F.3d at 1117 (quoting Doe, 58 F.3d at 497),

Plaintiffs' First Amendment and Due Process Clause claims are dismissed with prejudice.

**B. Equal Protection Clause**

Defendant asserts that Plaintiffs' Equal Protection Clause claim fails because "[t]he Complaint does not identify . . . a candidate that is, like Ms. Lindsay, manifestly and indisputably unqualified to be President." (Mot. 8:27-9:1.) Defendant argues Plaintiffs "'have not shown that [the Secretary] treated Lindsay differently from any other presidential candidate who was similarly situated.'" (Id. 8:28-9:1.) Plaintiffs rejoin that Defendant's argument about Lindsay's age improperly "assumes facts outside the pleadings, which is not appropriate at this stage of the case." (Opp'n 5:3.) Additionally, Plaintiffs assert that the Secretary "has not been given the lawful authority" to consider a candidate's age in fulfilling her statutory duties, because "the Twentieth Amendment to the Constitution gives this authority to Congress." (Id. 5:13-16.)

"In making an equal protection challenge, it is the [Plaintiffs'] burden to 'demonstrate in the first instance a discrimination against [them] of some substance.'" Clements v. Fashing, 457 U.S. 957, 967 (1982) (quoting Am. Party of Tex. v. White, 415 U.S. 767, 781 (1974)). "'Statutes create many classifications which do not deny equal protection; it is only 'invidious discrimination' which offends the Constitution.'" Am. Party of Tex., 415 U.S. at 781 (quoting Ferguson v. Skrupa, 372 U.S. 726, 732 (1963)). To allege a viable equal protection claim, Plaintiffs must demonstrate that they were treated differently from those similarly situated. See N. Pacifica LLC, v. City of Pacifica, 526 F. 3d 478, 486 (9th Cir. 2008) ("In order to claim a violation of equal protection in a class of one case, the [P]laintiffs

must establish that [Defendant] intentionally . . . treated the [P]laintiffs differently from others similarly situated."); Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir. 1995) ("'To establish impermissible selective [enforcement],'" Plaintiffs must show that Defendant did not take action against "'others similarly situated'" and that the selective action "'is based on an impermissible motive'") (quoting United States v. Lee, 786 F.2d 951, 957 (9th Cir. 1986)).

Defendant argues "the Complaint fails to establish that Ms. Lindsay was treated differently from any other candidate who was similarly situated (in that the candidate was also manifestly and indisputably unqualified to be President)." (Reply 2:16-18.) Plaintiffs argue that Defendant has no authority to "distinguish[] Ms. Lindsay as not similarly situated because of her age" and that Defendant has not been given the lawful authority to make that determination because the Twentieth Amendment to the Constitution gives this authority to Congress." (Opp'n 5:9-16.) The allegations in Plaintiffs' Complaint are woefully conclusory and insufficient to allege an Equal Protection Clause claim. See generally Bates v. Jones, 131 F.3d 843, 847 (9th Cir. 1997) (stating "age" minimums are "neutral candidacy qualification[s]" that "the State certainly has the right to impose"); Socialist Workers Party, 357 F. Supp. at 113 ("Amendment XX, Section 3 of the United States Constitution does not foreclose the Defendant[] from precluding from [the] ballot a would-be candidate for President who does not fulfill the eligibility requirements specified in Article II, Section 1 of the United States Constitution.") Plaintiffs' arguments in their opposition brief also conflate a conclusory allegation referencing Lindsay's age with the Twentieth Amendment. Plaintiffs have not stated an Equal Protection Clause claim and would be unable to do so even if

given the opportunity to amend. See Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002). Therefore, this portion of Defendant's motion is granted with prejudice.

**C. Twentieth Amendment**[3]

Defendant also moves for dismissal of Plaintiff's remaining claim arguing it is without factual support. Plaintiffs allege in that claim that the Secretary acted beyond the scope of her authority since Congress is vested with the "exclusive" power to "determin[e] the qualifications of . . . Presidential" candidates. (Compl. ¶ 21.) Specifically, Plaintiffs argue that the U.S. Constitution "does not allow or authorize exclusion from a primary ballot" of "an underage Presidential candidate" by "individual state officers," since Section 3 of the Twentieth Amendment empowers Congress to "'by law provide for the case wherein neither a President elect nor a Vice President elect shall have qualified.'" (Opp'n 6:9-11, 5:28-6:2 (quoting U.S. Const. amend. XX, § 3).) Plaintiffs cite no authority beyond Section 3 of the Twentieth Amendment in support of their argument. Defendant counters that Section 3 of the Twentieth Amendment "does not confine to Congress the exclusive power to decide whose names shall be placed upon all, or any, of the ballots of the United States. Indeed, the states have wide-

[3] In their brief, Plaintiffs defend their "Qualification Clause" claim. (Opp'n 5:21.) "The provisions that are generally known as the Qualifications Clauses" of the U.S. Constitution are "Art. I, § 2, cl. 2, . . . Art. I, § 3, cl. 3, . . . [and Art. I,] § 6, cl. 2." U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779, 867 (1995); see also Schaefer v. Townsend, 215 F.3d 1031, 1034 (9th Cir. 2000) (quoting the "Qualifications Clause" as U.S. Const. art. I, § 2, cl. 2). However, Plaintiffs' "Qualification Clause" argument concerns section three of the Twentieth Amendment, which Plaintiffs call the "Qualifications clause of the Twentieth Amendment." (Opp'n 6:8.) Therefore, for purposes of clarity, this claim is redesignated as Plaintiffs' Twentieth Amendment claim.

ranging authority to regulate the elections process, including the ballot." (Reply 3:17-19.)

Plaintiffs' argument is unsupported by the text or history of Section 3 of the Twentieth Amendment. Section 3 was intended to provide for a then-unprovided for contingency: the selection and succession of the presidency in the event that the president elect, vice president elect, or both could not assume office. See, e.g., 75 Cong. Rec. 3831 (1932) (statement of Rep. Cable) ("The [current] law dealing with succession applies to the President, not the President elect. Sections 3 and 4 of the House resolution provide remedies against the[se] contingencies"); id. at 3881 (statement of Rep. Reilly) (emphasizing that "[t]his situation is not covered by any provision in the present Constitution"). Nothing in the legislative history of Section 3 suggests Congress intended to limit state election officials' power to exclude ineligible candidates from a ballot involved in a Presidential election. Indeed, state election officials can and do prohibit certain candidates from appearing on the ballot, including those "who d[o] not satisfy the age requirement for becoming a member of Congress" or for becoming president of the United States. Storer, 415 U.S. at 736-37 (stating that a candidate "who did not satisfy the age requirement for becoming a member of Congress" may be "absolutely and validly barred from the ballot" by California election officials). Therefore, Plaintiffs have not alleged facts giving rise to a reasonable inference that the Defendant unlawfully excluded Lindsay from the ballot. Accordingly, this portion of Defendant's motion is granted without leave to amend.

//

//

//

**V. CONCLUSION**

For the reasons set forth above, Plaintiffs' claims are dismissed with prejudice for failure to state a claim. Judgment shall be entered in favor of Defendant.

Dated: December 11, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge